UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SEAN SULLIVAN,

                        Plaintiff,

        -v-

                                     15-CV-4023 (JPO)

THE NEW YORK STATE UNIFIED COURT
SYSTEM, OFFICE OF COURT                        ORDER OF SERVICE
ADMINISTRATION; HON. JONATHAN
LIPPMAN, CHIEF JUDGE OF THE COURTS
OF NEW YORK STATE; HON. A. GAIL
PRUDENTI, CHIEF ADMINISTRATIVE
JUDGE OF THE COURTS OF NEW YORK
STATE,

                      Defendants.
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiff Sean Sullivan ("Sullivan" or "Plaintiff"), an attorney proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the New York state statute and policies regarding service of process are unconstitutional as applied to indigent litigants in matrimonial and family court actions. On July 9, 2015, the Court dismissed Sullivan's claim against the New York State Unified Court System and directed the mailing of forms permitting Sullivan effect service on the remaining two defendants through the U.S. Marshals Service. (Dkt. No. 5.) A copy of the July 9 order of service was mailed to the address Plaintiff provided to the Court, which is as follows:

    Sean Sullivan
    General Delivery
    New York, NY 10001-9999[1]

---

[1] The Court notes that Sullivan's letter docketed on August 7, 2015, bears a similar return address, but it lists his zip code as 10007 rather than 10001. "It is Plaintiff's obligation to inform this Court's *Pro Se* Office of any change of address." *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *2 (S.D.N.Y. Feb. 21, 2014). If Plaintiff fails to inform the Court of a change of address, he risks the dismissal of this

I.     **Extension of Time: Motion for Reconsideration**

Sullivan has submitted a letter stating that he was unaware of the issuance of the order of service until a recent visit to the courthouse because he received neither a copy of the order nor the FRCP 4 service package by mail. (Dkt. No. 6.) He requests an "extension of time to submit a motion for reconsideration" of the Court's order. Sullivan's request is granted. He may file a motion for reconsideration of the July 9 order on or before September 18, 2015.

II.    **Service**

The July 9 order directed the Clerk of the Court to send Sullivan one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant, and required that Sullivan, within 30 days of the date of that order, either (1) return those forms, or (2) inform the Court that he did not wish to use the Marshals Service to effect service. Sullivan did neither by the deadline. On August 13, 2015, Sullivan returned a USM-285 form for service on Judge Lippman.

While Sullivan does not specifically request it, the Court, acting *sua sponte*, extends the deadline *nunc pro tunc* for Sullivan to return the USM-285 forms or to inform the Court that he intends to use other means of service. The Clerk of the Court is instructed, once again, to send Plaintiff one USM-285 form for each remaining defendant. Sullivan may also obtain USM-285 forms from the Pro Se Office of this Court. On or before September 18, 2015, Plaintiff must complete a USM-285 form for each remaining defendant and return those forms to the Court.

---

case. *See Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000).

If Plaintiff does not wish to use the Marshals Service to effect service, Plaintiff must notify the Court in writing by September 18, 2015, and request that a summons be issued directly to Plaintiff.

### III. Substitution of Party

Last, Sullivan notes that Lawrence K. Marks is now the Chief Administrative Judge of the New York court system, and his letter provides an updated caption for this case.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, a public officer's successor is "automatically substituted as a party."  Accordingly, per Sullivan's request, the Clerk of the Court is directed to remove the Hon. A. Gail Prudenti, Chief Administrative Judge of the Courts of New York State, from the docket, and to add in her place the Hon. Lawrence K. Marks, Chief Administrative Judge of the Courts of New York State.

SO ORDERED.[2]

Dated: August 17, 2015
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

COPY MAILED TO PRO SE PARTY

---

[2] The Clerk of the Court is also directed to correct the misspelling in the word "Delivery" in Sullivan's address on the docket.