UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2015 SEP 14 P 3: 06

Sean Sullivan

                          Plaintiff,

    – against –

The Office of Court Administration, Hon. Jonathan
Lippman, Chief Judge of the Courts of New York
State, Hon. Lawrence K. Marks, Chief Administrative
Judge of the Courts of New York State

                          Defendants,

**AMENDED COMPLAINT**

Civil Action No.:

15-CV-4023 (JPO)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/15

The Plaintiff respectfully alleges:

## I.     Introduction

1.      That this is a civil rights action seeking declaratory and injunctive relief pursuant to the Due Process Clause of the United States Constitution, as well as Section 1983 of the U.S. Code, resulting from New York state's unconstitutional requirements regarding the service of process in matrimonial and family court actions in its courts.  In particular, this Complaint avers that New York's laws regarding the service of process are unconstitutional with respect to matrimonial and family court actions in light of Boddie v. Connecticut and other United States Supreme Court decisions regarding the Due Process clause.  As stated fully below in this Complaint, the Plaintiff, who is currently indigent and homeless, has faced considerable obstacles in the adjudication of matrimonial and family court actions to which he is a party because of New York state's requirement that, if a litigant does not hire a New York state

1

licensed process server, an adult other than the litigant in a cause of action must complete an

affidavit that such person served process and must have such affidavit notarized by a state-

licensed notary in order to satisfy due process requirements in New York state.  These

requirements exceed those regarding service of process by litigants in federal courts, and in

exacting greater due process requirements for service than federal courts require, New York

state's process service requirements undermine the Due Process rights under the U.S.

Constitution of indigent litigants in New York state who do not have the means to procure

someone to satisfy New York's process service requirements, in effect denying such litigants

access to its courts.

       2.     That under New York Civil Practice Law and Rules, Section 2103, pleadings in

an action in a New York state court "may be served by any person not a party of the age of

eighteen years or over," and that clerk offices at the New York State Supreme Court and Family

Court are instructed to, and tend to as a matter of course, reject any pleadings in a New York

State court when a litigant has not complied with Section 2103 even if he or she has effectuated

service to the opposing party on his or her own accord; and that, even if the opposing party is

provided sufficient notice by the delivery of papers in a proceeding, that the absence of a

notarized affidavit of service submitted by a non-party to the action may prevent that proceeding

from ever being scheduled by a clerk of the court or a Judge's chambers.

       3.     That the Plaintiff has been a party to a matrimonial action, a child support action,

and supplemental proceedings, in New York State's Supreme Court and Family Court over the

past four years.  That these causes of actions implicate the most fundamental rights and concerns

of the Plaintiff as a citizen of this country entitled to the pursuit of happiness.  That the Plaintiff

has been forced to incur costs that he could not afford to effectuate service of process under New

York law, has had little choice but to forego the filing of pleadings in these actions at times over the past three years because of his inability to pay for the service of process, and have had pleadings rejected in these actions over that same period of time because he could not afford to hire a process server to serve his pleadings.  On some occasions, the Plaintiff has sought the assistance of County Sheriffs to effectuate process service on his behalf, particularly over the course of 2014, but this path to service of process for poor litigants has turned out to be unreliable and unduly time consuming (as well as questionable in light of other considerations). As a result, the Plaintiff hereby seeks declaratory and injunctive relief regarding New York State's unconstitutional process service requirements, an award of costs and such other and further relief as the court deems just and proper.

II.     **Parties**

4.   Sean Sullivan, the Plaintiff, is an unemployed attorney residing within the jurisdiction of this Court.

5.   Defendant, Hon. Jonathan Lippman, is the Chief Judge of New York State's Courts and the New York Court of Appeals, responsible for the administration of New York state's courts.

6.   Defendant, Hon. Lawrence K. Marks, is the Chief Administrative Judge of New York State, appointed, effective July 31, 2015, by Judge Lippman to enforce the rules and regulations of New York State's courts.

7.  Defendant, the Office of Court Administration, located at 25 Beaver Street, New York, New York, is the entity that governs and administers the state courts of New York, and is, in effect, run by Judge Lippman and Judge Marks.

### III.    Basis of Jurisdiction

8.  This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

9.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Plaintiffs' rights under the Fifth and Fourteenth Amendments of the United States Constitution. Furthermore, this Court has the power to issue the declaratory judgment sought herein pursuant to 28 U.S.C. §§ 2201 and 2202.  The Defendants are subject to suit in this Court for declaratory and injunctive relief pursuant to, among other reasons, Supreme Court of Virginia v. Consumers Union, 446 U.S. 719 (1980).

10.  Venue is proper pursuant to 28 U.S.C. §1391(b) in that the offices of the defendant, the Office of Court Administration, which exists under the direction of both defendants Judge Lippman and Judge Marks,  is based in this district.

### IV.    Facts

11.  That a petition dated March 30, 2011 was filed under Article 4 of the New York Family Court Act by the mother of the Plaintiff's child in the Family Court of the State of New

York, County of Kings ("Family Court"), requesting an order of support directing the Petitioner to make child support payments for the benefit of his daughter residing in Brooklyn, New York. The Petitioner was separated from his wife at the time and was already providing her with monthly financial payments, as well as additional assistance in-kind, to assist her in the rearing of their child. That, at the time of the petition, the Plaintiff was not a resident of New York State, but was compelled to further his rights as a litigant while not residing in the forum state of the action. And that, because he regarded the petition filed against him in New York court unwarranted, he had to expend his dwindling savings to pay process servers operating in New York State to effectuate process of his pleadings before the Family Court, and that such expenditures exceeded approximately $35 per service, depending on the document served.

12. That, after a default judgment in or around October 2011 and other rulings by Family Court judges to his detriment throughout 2012, the Plaintiff sought to vacate the court orders and appeal certain rulings by the Family Court, and hired process servers in New York over the Spring of 2012. That certain of the Plaintiff's pleadings were returned to him, or rejected, by the Family Court and/or applicable appellate New York state court later in 2013 because they were mailed directly to the opposing party because the Plaintiff could no longer afford to continue to pay process servers for their services, and that the Plaintiff was consequently denied due process on one or more occasions in the adjudication of legal arguments in these proceedings.

13. That the Plaintiff's then-wife commenced an action for divorce with a Summons with Notice, dated August 4, 2011, in the New York State Supreme Court, Kings County. That the Plaintiff later filed with the New York State Supreme Court and had served on his then-wife an Order to Show Cause for Temporary Relief, dated, March 13, 2013, which was served free-of-charge by a family member, seeking spousal maintenance payments and otherwise

challenging her divorce petition.  That the Plaintiff's then-wife filed opposing pleadings and was later granted a default judgment of default by a New York State judge in the summer of 2013 because the Plaintiff presumably did not attend an initial preliminary conference session scheduled by that court without the Plaintiff's input.  That, at a court hearing in 2013, the Supreme Court refused to allow the Plaintiff to make an oral motion in open court when all the parties were present, that the Plaintiff could not afford to hire a process server to deliver his pleadings to the opposing party in accordance with New York state law and judicial procedure, that the onerous requirements for notarized affidavits chill whatever desire *pro se* litigants' friends and family may have without payment to help in the serving of such pleadings, that because of the Plaintiff's financial inability to have his pleadings served, the Plaintiff was denied due process in the adjudication of his claims in this matrimonial proceedings on discrete occasions from 2013 to the present.

14.  That, because of the matrimonial default judgment issued in or around September 2013, which granted the Plaintiff's then-wife, sole custody of the Plaintiff's daughter, without any adversary hearing including testimony, evidence or cross examination, and which suspended any visitation rights with his daughter that the Plaintiff had under applicable law, without providing for any mechanism for the relief of such suspension in accordance with due process principles, the Plaintiff was compelled to seek vacatur of such judgments and rulings and/or to appeal such judgment and rulings.  That the Plaintiff, being indigent, did not have the financial resources to hire a process server and that the Plaintiff thereby missed various deadlines for pleadings in the appellate courts of New York state in the latter part of 2013 and 2014, even though he sought the aid of the Kings County Sherriff office in effectuating process, and the Plaintiff had pleadings returned and or rejected in 2014 on occasion due to the fact that an

6

affidavit of service was not provided to the court by a person not a party to the action, in accordance with Section 2103 of the CPLR.

15. That the Plaintiff's due process rights will continue to be thwarted so longs as he is forced to abide by the process service requirements of New York state courts in these matrimonial and family court proceedings, which have yet to be concluded on the merits but by default rulings, and that the matrimonial and family court actions of which the Plaintiff is a party will not constitute actions that satisfy the procedural due process requirements of the U.S. Constitution so long as the Plaintiff remains indigent and is compelled to satisfy the process service requirements of the courts of New York state, in addition to having the effect of thwarting the due process rights of his seven-year old daughter, whose "best interests' will continue to be undermined so long as the court actions referred to above are not properly adjudicated.

16. That there has been a crisis over the years with respect to the process service industry in New York state, according to the New York City Bar Association, and that it is unclear whether the process service requirements in New York state actually serve the due process rights of many litigants in New York state courts, as process servers have been found to abuse the process by filing false affidavits in courts and engaging in other opportunistic behavior. That litigants in matrimonial and family court proceedings are the least likely to file false affidavits as these proceedings implicate the core of their lives in society, to which they are easily held accountable by the courts. And that the process service requirements of the New York state courts primarily serve to support a dysfunctional process server industry known for "sewer service" tactics, undermining the due process rights of ordinary New Yorkers finding themselves litigants in New York state courts. That, regardless of the rationale for New York State's process

service requirements in commercial and other types of causes of actions, these requirements

serve as a barrier to the Due Process rights of indigent *pro se* litigants in matrimonial and family

court actions.

### V.     Statement of Claims

<u>AS AND FOR A FIRST CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983
DUE TO THE VIOLATION OF DUE PROCESS RIGHTS UNDER THE UNITED STATES
CONSTITUTION</u>

17.     That Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in paragraphs 1 to 16 above with the same force and effect as if more fully set forth at

length herein.

18.  That Judge Lippman and Judge Marks are charged with the administration of the

New York State Unified Court System, and is responsible for the enactment and enforcement of

the policies and procedures of their courts.  And that, in doing their jobs, the clerks of New York

state court's follow the policies and procedures of the New York State Unified Court System, as

well as applicable New York law, when such clerks refuse to accept pleadings that are not served

on the opposing party by an adult who is not a party to the cause of action, and when they require

that pleadings be submitted with an affidavit of service the form of which is created by the New

York State Unified Court System, these clerks seeming not to have a mechanism to initiate an

adversary hearing regarding service of process when an indigent litigant effectuates service on

his own accord, not using a process server or a non-party adult who complete an affidavit of service.

19.  That in enforcing these policies and procedures of the New York State Unified Court System, certain of the clerks of New York state courts have denied and flouted the due process rights of the Plaintiff under the U.S. Constitution and the due process rights of other *pro se* litigants who cannot afford to pay process servers to serve legal pleadings, and know of no adult that they can consistently count on to complete affidavits of service and serve pleadings by mail or otherwise in exchange for no financial payment, in effect denying poor litigants true access to the courts.  That, in determining their marital status, their legal relationship to their children, and the financial support required of them as non-custodial parents, certain poor litigants have no other choice but to seek recourse to New York's state courts in vindicating their rights.

20.  That the Defendants Office of Court Administration, Judge Lippman and Judge Marks, acting under color of state law, in their official capacities and within the scope of their employment, are responsible for the administration of New York State's courts, in ensuring that the policy of not accepting court pleadings from litigants who do not provide the form affidavit of service requiring a non-party to a cause of action to serve legal pleadings is enforced, in violation of the Plaintiff's Fifth and Fourteenth Amendment rights under the United States Constitution.

21.  Further that it was the policy and/or custom of the Office of Court Administration, a governmental entity, to deny the due process rights of *pro se* and poor litigants in matrimonial and family court actions who were unable to procure a non-party to serve their legal pleadings. And that this policy and custom is evidenced by the written guidance provided by the clerks of

the various New York state courts on their websites to court litigants that a non-litigant in an action must serve all legal proceedings in their courts, and in their form affidavits of service that require the signature of a non-party to the action and notarization by a state-licensed notary.

22.   That the Defendants are not entitled to either absolute or qualified immunity because, among other reasons, the Due Process rights described herein were clearly established at the time of the conduct complained of and the Defendants' actions were not objectively reasonable in light of federal Due Process case law.

23.   As a direct and proximate result of the unconstitutional acts referred to above, the Plaintiff has suffered injury and suffers ongoing harm by the deprivation of his constitutional rights.

## AS AND FOR A SECOND CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 DUE TO THE LACK OF PROCEDURAL DUE PROCESS UNDER THE UNITED STATES CONSTITUTION

24.   That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 to 23 above with the same force and effect as if more fully set forth at length herein.

25.   That Judge Lippman and Judge Marks have not developed sufficient policies and procedures to ensure that the legal pleadings of poor litigants are not ignored by New York State's courts when they are filed without an affidavit or service or are served by a party to the action.  And that, the Office of Court Administration, in not having adequate policies and procedures to ensure that the Due Process rights of poor litigants in matrimonial and family court

matters are not flouted when such litigants are unable to hire a process server or have a non-party complete an affidavit of service on their behalf when they have viable legal action to pursue in a New York state court, is obliged to promulgate policies and procedures that respects the individual rights of Americans set out in the U.S. Constitution.

26.  That the Plaintiff's Due Process rights have been repeatedly flouted by clerks of New York state courts because they lacked policies and procedures to process certain of his legal pleadings without the concurrent filing of a completed form of affidavit of service, and so legal briefs, petitions and other types of pleadings of the Plaintiff have been rejected or turned away by clerks of New York state courts.  And that the Plaintiff has sufficient cause to believe that future court filings in the matrimonial and family court matters referred to herein may not be given the procedural due process required under the U.S. Constitution, in effect denying him true access to the courts, so long as the New York State Unified Court System continues to enforce its current policy regarding the service of process in such actions, and not set out procedures for poor litigants to have their pleadings accepted by its courts without its current onerous service of process requirements.

27.  Further, that it is the policy and/or custom of the Office of Court Administration to deny the procedural due process rights of *pro se* and poor litigants in matrimonial and family court actions as described above.  And that this policy and custom is evidenced, among other ways, by the written guidance provided by the clerks of the various New York state courts on their websites to court litigants that a non-litigant must serve all legal proceedings in their courts, and in their form affidavits of service that require the signature of a non-party to the action and notarization by a state-licensed notary.

28.   That the Defendants Office of Court Administration of the New York State Unified Court System, Judge Lippman and Judge Marks, acting under color of state law, in their official capacities and within the scope of their employment, are responsible for the administration, and policies and procedures, of New York State's courts.

29.   That the Defendants are not entitled to either absolute or qualified immunity because, among other reasons, the Due Process rights described herein were clearly established at the time of the conduct complained of and the Defendants' actions were not objectively reasonable in light of U.S. Constitutional Due Process principles.

30.   As a direct and proximate result of the unconstitutional acts referred to above, the Plaintiff has suffered injury and suffers ongoing harm by the deprivation of his constitutional rights.

## VI.     Relief Sought

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1.     Declare that the Defendants' conduct alleged herein, as well as the policies and procedures described, violate the Fifth and Fourteenth Amendments to the Constitution of the United States in the manner alleged herein, upon the evidence adduced at trial or otherwise;

2.     Certify to the Attorney General of the State of New York under 28 U.S.C §2403(b) that the case presents the constitutionality in question of Section 2103 of the New York Civil Practice Law and Rules;

3.      Declare that Section 2103 of the New York Civil Practice Law and Rules is unconstitutional with respect to matrimonial and family court actions of poor litigants pursuant to the Fifth Amendment of the United States Constitution, and order the Defendants to enact policies and procedures consistent with the protection of the procedural due process rights of poor litigants complained of and described herein;

4.      Enjoin the Defendants and their agents, employees, successors, and all others acting in concert with them, from enforcing Section 2103 of the New York Civil Practice Law and Rules in the matrimonial and family court actions of the Plaintiff in New York state's courts;

5.      Award the Plaintiff reasonable costs as authorized under 42 U.S.C. § 1988;

and

6.  Grant such other further and different relief as the Court deems just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 10th day of September, 2015.

Signature of Plaintiff

General Delivery
New York, New York 10001-9999
Sullivan9499@gmail.com
(347) 829-4714

