

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

November 10, 2015

WRITER'S DIRECT DIAL: 212-416-8108

*By ECF and First-Class Mail*

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Sullivan v. Lippman,* No. 15-cv-4023 (JPO)

Dear Judge Oetkin:

       This office represents the defendants—the Honorable Jonathan Lippman, Chief Judge of the Courts of New York State, and the Honorable Lawrence K. Marks, Chief Administrative Judge of the Courts of New York State—in the above-referenced action. Plaintiff brings this action under Section 1983 alleging that Section 2103 of the New York Civil Practice Law and Rules—the section governing service of process in the courts of New York State—violates the Due Process Clause of the United States Constitution by placing an impermissible financial burden on certain litigants. We write seeking clarification about the deadline for the defendants' anticipated motion to dismiss, and if necessary and warranted, to enlarge the time for Chief Judge Lippman to move to dismiss the amended complaint to November 16, 2015—the same date that Judge Marks's answer is due.

       On September 15, 2015, Judge Marks accepted service of the original complaint by mail pursuant to Rule 4 of the Federal Rules of Civil Procedure, and on September 22, the Court directed Judge Marks to file and serve his answer by November 16. (ECF No. 11.) Plaintiff subsequently served Chief Judge Lippman with the original complaint on October 9, and on October 22, the Court directed Chief Judge Lippman to file and serve his answer by October 30. (ECF No. 12.) The operative amended complaint, however, which was filed on September

14 (ECF No. 8), has never been served on either Chief Judge Lippman or Judge Marks. Moreover, Chief Judge Lippman was served with the original, superseded complaint nearly a month after Plaintiff had filed an amended complaint with the Court, rendering the service invalid. It is well established in this Circuit that "service of the original complaint after an amended complaint has been filed is ineffective." *TCS Capital Mgmt., LLC v. Apax Partners, L.P.*, 06-CV-13447 (CM), 2008 WL 650385, 2008 U.S. Dist. Lexis 19854, at *28 (S.D.N.Y. Mar. 7, 2008); *see also Int'l Controls Corp. v. Vesco*, 556 F. 2d 665, 668–69 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

      A close reading of the amended complaint suggests that it is substantially similar to, and has failed to cure any of the defects in, the original complaint. Consequently, because the revisions to the original complaint were insignificant, the grounds for dismissal remain the same, and our Office is prepared to move to dismiss both the original and the amended complaint in their entirety on behalf of Chief Judge Lippman and Judge Marks by November 16, 2015—the date that Judge Marks's response to the original complaint was initially due (ECF No. 11). Moreover, if necessary and warranted, we respectfully request that the Court enlarge the time for Chief Judge Lippman to move to dismiss the amended complaint to November 16, 2015.

      We appreciate the Court's continued attention to this matter.

Dated: New York, New York  
      November 10, 2015

Respectfully submitted,

ERIC T. SCHNEIDERMAN  
Attorney General of the State of New York  
*Attorney for Defendants*  
By:

_____  
Jonathan D. Conley  
Assistant Attorney General  
Office of the New York State Attorney General  
120 Broadway, 24th floor  
New York, New York 10271  
Tel: (212) 416-8108  
Fax: (212) 416-6075  
Jonathan.Conley@ag.ny.gov

cc:    Sean Sullivan *(by first-class mail)*  
       General Delivery  
       New York, NY 10001-9999  
       *Plaintiff Pro Se*